# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-19-52-SLP-2 |
| ) | |
| MICHAEL LEE CHISM, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is a letter [Doc. No. 173] received from Defendant which the Court construes as a motion requesting early termination of supervised release. The Government has responded, *see* Doc. No. 177, and opposes Defendant's request.

Defendant pled guilty to a two-count Superseding Information charging him with: Count 1 -- possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and Count 2 -- possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Court sentenced Defendant to 0 months imprisonment as to Count 1 and 60 months' imprisonment as to Count 2 and three years of supervised release as to Count 1 and 5 years of supervised release on Count 2, with the terms to run concurrently. *See* Doc. No. 98.[1] On May 19, 2023 Defendant was released from BOP custody after serving just shy of three years in federal prison.

---

[1] At sentencing, Defendant appeared before United States District Judge Stephen P. Friot. Upon Judge Friot's retirement, Defendant's case was reassigned to the undersigned.

In support of his request, Defendant states that he has complied with all conditions of his supervised release and has maintained a productive lifestyle. He is employed as an electrician apprentice and is working toward a journeyman license. He has continued to pass all required drug tests and he has a supportive network of family and friends. He seeks relief so as to aid in securing future employment and stable housing and to remove barriers that hinder full reintegration. *See* Doc. No. 173.

In response, the Government argues that Defendant received significant leniency from the Court at sentencing and his offense conduct was extremely serious. The Government also notes that Defendant is not even halfway through his term of supervised release. Moreover, the Government advises that the United States Probation Office does not support Defendant's request for early termination as there are no verifiable reasons for early termination apart from Defendant having complied with the conditions of his supervised release.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the Government's Response and the factors set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted. The Court certainly commends Defendant for the progress he has made during his period of supervision. And the Court encourages

2

Defendant to successfully complete the remainder of his term. But the Court finds early termination of Defendant's supervised release is not warranted at this time.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 173] is DENIED.

IT IS SO ORDERED this 22nd day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

3